

**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilberto Amaya, ) | No. CV 05-2604-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #7) for lack of exhaustion. Plaintiff failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Maricopa County Sheriff's Office, Joseph M. Arpaio, Lieutenant Anderson, and Sergeant Renteria, alleging that his constitutional rights were violated by (1) an inadequate diet, (2) unsanitary conditions, and (3) overcrowding (Doc. #1). Plaintiff asserted that he did not exhaust his administrative remedies because Renteria threatened to discipline him if he filed a grievance (Id.). Defendant Arpaio was ordered to answer the Complaint, dismissing the other Defendants (Doc. #3). Defendant Arpaio subsequently filed a Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies, and did not sufficiently established that there were no available remedies because Renteria lacked the apparent ability to carry out any threats (Doc. #7). Attached to the motion were (1) an affidavit of Sergeant Susan Fisher,

assigned to the Inmate Hearing Unit, (2) the Maricopa County Sheriff's Office Inmate Grievance Procedure, (3) the Maricopa County Sheriff's Office Rules and Regulations for Inmates, and (4) copies of blank inmate grievance forms (Doc. #7).

## II. Failure to Respond

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective. Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address (Docs. ## 2, 3). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Mail sent to Plaintiff has been returned as undeliverable, and Plaintiff has failed to notify this Court of a change of address (Docs. ##9, 11) Accordingly, Plaintiff's action may be dismissed pursuant to Rule 41(b). However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

## III. Legal Standard on Motion to Dismiss

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may

look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

**IV. Analysis**

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. Fisher attested that Plaintiff filed no inmate grievances (Doc. #7, ex. 1).

Defendant has demonstrated that there exists a grievance system which was made available to the Plaintiff, and of which Plaintiff has failed to avail himself. Plaintiff alleged in his Complaint that Renteria "claimed [he] was illegal and had no rights" and threatened him with disciplinary actions (Doc. #1). However, Plaintiff's mere allegations regarding threats made by Renteria, absent a showing that Plaintiff ever attempted to file a grievance, is insufficient to support an allegation that Plaintiff was "reliably informed" that there were no available remedies, especially given that Plaintiff has failed to respond to the Motion to Dismiss. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted his administrative remedies, and Defendant's Motion to Dismiss will be granted.

1    **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**.
2 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
3 shall enter a judgment of dismissal accordingly.
4    DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge